UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:22-cv-01007-SRC |
| | ) |
| WASHINGTON UNIVERSITY, | ) |
| | ) |
| Defendant(s). | ) |

# Order

Three federal judges have dismissed earlier versions of the present suit. Undaunted, Plaintiff filed this fourth suit, seeking to proceed anonymously against Defendant Washington University. Doc. 2. In his first case, *Doe I*, the Court granted a similar motion. *Doe v. Washington University*, No. 19-cv-300, Doc. 25 (E.D. Mo. April 2, 2019). However, while that case was proceeding, Plaintiff filed in Cook County Illinois, *Doe II*, under his name and did not seek to proceed anonymously. *See Lefebvre v. Washington University*, No. C 4928, 2021 WL 197388 (N.D. Ill. Jan 1, 2021). When dismissed for lack of subject-matter jurisdiction, Plaintiff filed again in this Court for the same claims, *Doe III*, and again moved to proceed anonymously. *Doe v. Washington University*, No. 21-cv-205, Doc. 2 (E.D. Mo. Feb 18, 2021). The Court denied Plaintiff's motion to proceed anonymously there, relying, at least partially, on his use of his true name in one of his previous attempts dealing with the same underlying case. *Id.*, Doc. 23 at p. 3.

Neither the Eighth Circuit nor the Supreme Court has provided guidance regarding when a court should allow a plaintiff to proceed under a pseudonym. *See In re Ashley Madison Customer Data Sec. Breach Litig.*, No. 2669, 2016 WL 1366616, at *1 (E.D. Mo. Apr. 6, 2016); *Roe v. St. Louis Univ.*, No. 08-CV-01474, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2,

2009). However, other courts considering the issue have looked to the Federal Rules of Civil Procedure as well as the common-law and First Amendment rights of access to courts.

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties . . . ." Similarly, Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." These two rules create a "strong presumption against allowing parties to use a pseudonym." *G.C. v. Automated Benefit Servs., Inc.*, No. 22-CV-00949, 2022 WL 4130796, at *1 (E.D. Mo. Sept. 12, 2022) (quoting *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999)); *see also Doe v. Regis Univ.*, No. 21-CV-00580, 2021 WL 5056239, at *1 (D. Colo. Mar. 2, 2021) ("[T]he Federal Rules of Civil Procedure do not contemplate the anonymity of parties." (citing *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998))).

Pseudonymity also "runs afoul of the public's common law right of access to judicial proceedings[.]" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (first citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598–99 (1978); and then citing *E.E.O.C. v. Erection Co.*, 900 F.2d 168, 169 (9th Cir. 1990)); *see also Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) ("[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." (quoting *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829))); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.")). While the Eighth Circuit has not directly addressed pseudonymity, it has agreed with other circuits "that the common-law right of access applies to judicial records in civil proceedings." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013); *see also Doe III*, No. 21-CV-00205-SRC, Doc. 23 at p. 3 ("The public right of

2

access to Court filings has been well-established in the federal appellate courts, including the Eighth Circuit." (first citing *United States v. Hamm*, 19-CR-00613-SRC, Doc. 68 (E.D. Mo. February 27, 2021); and then citing *Wishah v. City of Country Club Hills*, No. 19-CV-03410-SRC, 2021 WL 3860328 (E.D. Mo. Aug. 30, 2021))).

Despite the presumption against pseudonymity, courts have occasionally permitted plaintiffs to proceed under a pseudonym in exceptional circumstances—such as when the case involves "limited matters of a sensitive and highly personal nature." *G.C.*, 2022 WL 4130796, at *2 (quoting *W.G.A.*, 184 F.R.D. at 617) (cleaned up). In such cases, courts apply a balancing test, weighing a variety of (non-exclusive) factors to determine whether the plaintiff "has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (per curiam) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981)); *see Sealed Plaintiff v. Sealed Defendant*, 537 F. 3d 185, 189 (2nd Cir. 2008); *In re Ashley Madison Customer Data Sec. Breach Litig.*, 2016 WL 1366616, at *3; *Doe H.M. v. St. Louis County*, No. 07-CV-02116, 2008 WL 151629, at *1 (E.D. Mo. Jan. 14, 2008).

Courts in this district have observed that "[f]actors weighing in favor of a pseudonym include whether: (1) the plaintiff is challenging government activity, (2) the plaintiff is disclosing 'information of the utmost intimacy,' (3) the plaintiff risks criminal prosecution for the information alleged in the complaint, (4) the plaintiff would risk social stigma or physical threats, and (5) the plaintiff is particularly vulnerable." *D.P. for Doe v. Montgomery County*, No. 19-CV-00038, 2019 WL 2437024, at *1 (E.D. Mo. June 11, 2019) (first citing *Stegall*, 653 F.2d at 185; and then citing *Roe v. St. Louis University*, 2009 WL 910738, at *3).

On the other hand, where the identity of a litigant has been revealed—whether in the litigation or otherwise—courts have found that any weight in favor of pseudonymity stemming from the above factors diminishes or evaporates entirely.  *See, e.g.*, *Doe v. Wash. Univ.*, 2021 WL 4504387, at *2 (observing that granting pseudonymity would be "readily subject to evasion" because the plaintiff had previously chosen to proceed in two different courts under his true name); *Megless*, 654 F.3d at 409 (noting that "the extent to which the identity of the litigant has been kept confidential" is relevant when weighing competing interests regarding pseudonymity); *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008) (questioning the value of pseudonymity where a defendant's conviction was already a matter of public record); *Doe v. Drake Univ.*, No. 16-CV-00623, 2017 WL 11404865, at *4–5 (S.D. Iowa June 13, 2017) (citing news articles linking the plaintiff to the lawsuit, and finding that the fact the plaintiff's identity had not been kept confidential undermined the reasons for allowing him to proceed under a pseudonym); *see also* Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1460 n.193 (2022) (collecting cases).

Courts also require that the moving party show "(1) fear of severe harm and (2) that the fear of severe harm is reasonable." *Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950, at *2 (D.N.J. Aug. 7, 2018) (citing *Megless*, 654 F.3d at 408); *see also Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010); *Does I thru XXIII*, 214 F.3d at 1068.

Previously, this Court denied Plaintiff's motion to proceed anonymously—emphasizing the public's right of access and the fact that Plaintiff had filed the same case in two other courts under his true name.  *Doe III*, No. 4:21-cv-00205, Doc. 23 at p. 3 (E.D. Mo. Sept. 30, 2021). Plaintiff claims that he chose to file under his true name in that suit because it "did not contain

4

sensitive details that would adversely impact Plaintiff." Doc. 2 at ¶ 3.  Similarly, in the present motion, Plaintiff claims that his previous filing with this Court "avoided sensitive details because, absent anonymous proceedings, these details would adversely impact Plaintiff."  Doc. 2. at ¶ 4.  Further, Plaintiff claims that the "sensitive details [at issue here] were only included in previous court documents filed anonymously." *Id.* at ¶ 5.  Because of this, Plaintiff claims that "[t]his genie is not yet 'out of the bottle.'" *Id.* (citing *Wishah v. City of Country Club Hills*, No. 4:19-cv-03410, 2021 WL 3860328, at *3 (E.D. Mo. Aug. 30, 2021).

While the sensitive details have only been stated in anonymous cases, Plaintiff filed a similar case in front of this Court and simultaneously stated this case was related to the anonymous case—citing it in the Original Filing Form, *Doe III*, No. 4:21-cv-205, Doc. 1-4 (E.D. Mo. Feb. 18, 2021)—while also referring to similar litigation in an Illinois Court where he used his true name, *id.* Doc 1-1 at ¶ 6.  Due to Plaintiff's drawing this connection, the Court denied the motion to proceed anonymously and cited both cases.  *Id.*, Doc. 23 at pp. 1–3 (first citing *Doe I*, No. 19-cv-300; and then citing *Doe II*, No. C 4928).  Plaintiff never questioned this opinion of the Court.  *See id.*  This connection between the sensitive details and Plaintiff's true name was on the public record, revealing Plaintiff's identity in this allegedly private matter.  Additionally, in attachments to his complaint in this case, Plaintiff includes his real name in the footer of the documents.  *See* Docs.1-4, 1-5.  Thus, despite his stating otherwise, this genie is, in fact, out of the bottle.

Plaintiff attempts to distinguish this case from *Wishah*, where the previous disclosures were in the media, by stating "no journalist or other forum accessible to the public has released these details alongside Plaintiff's identifying information."  Doc. 2 at ¶ 6 (citing *Wishah*, 2021 WL 3860328).  But, as stated, these filings are on the public record—meaning, as in *Wishah*, the

5

public already had access to them.  2021 WL 3860328, at *3.  Further, Plaintiff points to no caselaw that says a journalist must be the one to disclose party seeking anonymity's identity.  *See* Doc. 2.  To the contrary, the Court finds more compelling that Plaintiff himself, rather than a non-party journalist, chose to disclose his own name in public filings.

In addition to the fact that Plaintiff has publicly "outed" himself, Plaintiff failed to carry his burden necessary to overcome the presumption against anonymity.  Aside from attempting to distinguish from *Wishah*, Plaintiff presents no legal authority supporting anonymity.  *See id.* Beyond stating that "this matter involves highly sensitive matters," Plaintiff makes no argument that the information is "of the utmost intimacy," or that it would cause Plaintiff to "risk social stigma or physical threats."  *D.P. for Doe*, 2019 WL 2437024, at *1.  Similarly, Plaintiff makes no effort to show that he has "fear of severe harm."  *Doe v. Rider Univ.*, 2018 WL 3756950, at 2. Thus, looking at all the factors, Plaintiff has not shown a right to proceed anonymously in this case.

Accordingly, the Court denies Plaintiff's [2] Motion for Leave to Proceed Anonymously. If Plaintiff wishes to proceed, the Court orders Plaintiff to file, by no later than February 6, 2023, an amended complaint identifying his legal name in the caption and as needed throughout the Complaint.  The Court, further, denies without prejudice Plaintiff's [6] Motion to Amend the Complaint for failure to comply with the undersigned's Judge's Requirements.  If Plaintiff refiles under his name, he must also re-file his [6] Motion for Leave to Amend in compliance with this order, the undersigned's Judge's Requirements.  Failure to comply will result in dismissal without prejudice for failure to comply with a Court Order.  *See* Fed. R. Civ. P. 10(a), 17(a), 41(b).

So Ordered this 20th day of January 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE