UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIAM LEFEBVRE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:22-cv-01007-SRC |
| WASHINGTON UNIVERSITY, | ) ) ) |
| Defendant(s). | ) ) |

### Order

This matter comes before the Court on Plaintiff's motion for filing under seal or for a protective order. Doc. 15. Plaintiff seeks "an order requiring Defendant to file all documents referencing prior litigation between the parties under seal." *Id.* Further, Plaintiff asks the Court to "grant the parties leave to file all future documents in this action under seal . . . for such time as this Honorable Court deems fit." *Id.* at ¶ 12. Alternatively, Plaintiff asks that the Court order Defendant to file, under seal, its memorandum in support of its motion to dismiss, or file a version that redacts all citations to prior litigation between the parties. *Id.* at ¶ 13. Defendant Washington University opposes this motion. Doc. 18. Since filing this motion, the Court has denied Plaintiff's separate request to proceed anonymously. Doc. 24. For the following reasons, the Court denies Plaintiff's motion to file under seal or for a protective order.

First, Plaintiff's request that the Court order "Defendant to file all documents referencing prior litigation between the parties under seal," Doc. 15, and "grant parties leave to file all future documents in this action under seal," *id.* at ¶ 12, fails to comply with this undersigned's Judge's Requirements. Namely, this request attempts to circumvent the requirement that a party seeking to file a document under seal must "first file a motion for leave to file under seal in compliance with Local Rule 13.05." Judge's Requirements at p. 5. The undersigned's Judge's Requirements explicitly state "[a party] must not include any provision that allows for automatic filing under

seal." *Id.* Further, the proposed order must "include a date certain on which the seal lifts or the documents are returned to the parties." *Id.* Here, the proposed order does not include any date or time period, but only the vague language that the documents remain sealed "for such time as this Honorable Court deems fit." Doc. 15 at ¶ 12. Thus, pursuant this undersigned's Judge's requirements, the court denies Plaintiff's request for automatic sealing or requiring Defendant to file all documents citing to previous litigation under seal without an appropriate motion.

Second, Plaintiff's alternative request that the Court order Defendant to file, under seal, its memorandum in support of its motion to dismiss or file a version redacting any reference to previous litigation between the parties, fails to comply with Local Rule 13.05. Local Rule 13.05 requires that a party seeking sealing must file a motion that includes the "specific legal and factual reasons justifying the sealing," and the requested duration for the sealing. Here, Plaintiff did not include any requested duration for this sealing. *See* Doc. 15. Additionally, the only legal basis Defendant gives is an attempt to distinguish this case from this Court's decision in a previous case. *Id.* at ¶ 10 (citing *Wishah v. City of Country Club Hills*, No. 4:19-cv–3410, 2021 WL 3860328 (E.D. Mo. Aug. 30, 2021). However, the Court already dispensed with this argument when denying their motion to proceed anonymously. Doc. 24 at pp. 5–6. Without legal reason to justify sealing, or a requested duration for the sealing, the Court denies Plaintiff's request to seal the memorandum or require Defendant file a redacted version of the same.

Accordingly, the Court denies without prejudice [15] Plaintiff's Motion for Filing Under Seal and/or For Protective Order.

Dated this 6th day of February 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE